FARUQI & FARUQI, LLP
David E. Bower (119546)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: dbower@faruqilaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE GORDON, Derivatively on Behalf of Nominal Defendant EDISON INTERNATIONAL, <br><br> Plaintiff, <br><br> v. <br><br> JAGJEET S. BINDRA, FRANCE A. CÓRDOVA, BRADFORD M. FREEMAN, RONALD L. OLSON, THOMAS C. SUTTON, PETER J. TAYLOR, VANESSA C. L. CHANG, THEODORE F. CRAVER, JR., LUIS G. NOGALES, RICHARD T. SCHLOSBERG, III, BRETT WHITE, ROBERT L. ADLER, MARK CLARKE, WILLIAM J. SCILACCI and BERTRAND A. VALDMAN <br><br> Defendants, <br><br> and <br><br> EDISON INTERNATIONAL, <br><br> Nominal Defendant. | CASE NO: CV14-1058 ODW-ASx <br><br> **NOTICE OF APPLICATION TO FILE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID E. BOWER IN SUPPORT THEREOF** |

NOTICE OF MOTION AND PLAINTIFF'S APPLICATION TO FILE VERIFIED
SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL

# APPLICATION TO FILE COMPLAINT UNDER SEAL

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that Plaintiff Natalie Gordon ("Plaintiff"), by and through her attorneys, derivatively on behalf of nominal defendant Edison International ("EIX" or the "Company"), does hereby apply to the Court pursuant to Rule 5.2(d) of the *Federal Rules of Civil Procedure* and Local Rule 79-5.1 for an Order permitting the filing under seal of Plaintiff's Verified Shareholder Derivative Complaint ("Complaint") against the directors and officers named herein (collectively, the "Individual Defendants"). This Application is being made to comply with the parties' Confidentiality Agreement entered into and signed by counsel for the parties prior to the filing of this Complaint.

This Application is based on this Notice, the accompanying Memorandum of Points and Authorities, and the Declaration of David E. Bower In Support Of this Application to file the Complaint under seal.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff respectfully requests this Court seal the Complaint to be filed concurrently with this Notice of and Application. For the reasons more fully described below, Plaintiff respectfully requests the Court grant Plaintiff's Application to file the Complaint under seal, which contains information that has been identified by EIX as confidential. Sealing the Complaint will comply with the parties' confidentiality agreement already entered into in contemplation of this lawsuit.

### II. FACTUAL BACKGROUND

On or around September 30, 2013, Plaintiff, by and through her counsel,

demanded that EIX allow her to inspect and review certain of the Company's Board of Director ("Board") minutes and Board materials related to, among other things, certain capital payments and dividends EIX's subsidiary, Edison Mission Energy ("EME"), paid to EIX. This request was made pursuant to California Corporations Code § 1601 and California common law.

On or around October 30, 2013, Plaintiff and EIX entered into a Confidentiality Agreement that confirmed their mutual understanding as to the treatment of the materials and information EIX provided to Plaintiff in response to her September 30, 2013 demand. EIX stated in that Confidentiality Agreement that "the Company believes that the materials sought by [Plaintiff] contain non-public, confidential, proprietary, commercially and/or personally sensitive information" and therefore "the Company may designate, in its good faith judgment, all or any portion of any Produced Document,[1] or any information contained in any Produced Document, as 'Confidential Information' under the terms of this Agreement."[2] Further, the Confidentiality Agreement conditioned providing the information upon Plaintiff's agreement to make a good faith attempt to file any document containing Confidential Information in a court proceeding under seal.[3]

Plaintiff is now seeking to file her Complaint consisting of a derivative action brought by the Plaintiff, a shareholder of EIX, on behalf of EIX against

---

[1] "Produced Product" refers to any material the Company made available to Plaintiff in response to the September 30, 2013 demand.

[2] A copy of the Confidentiality Agreement dated October 30, 2013 is attached hereto as Exhibit A (Conf. Agreement ¶ 2).

[3] *Id.* at ¶ 9.

current officers and certain members of the Board named as Individual Defendants in the Complaint. Plaintiff's allegations are based on alleged misconduct of the Individual Defendants who allegedly breached their fiduciary duties by engaging in an illicit scheme against EME by causing EME to pay EIX certain improper payments that caused EME to file bankruptcy. Concurrent with Plaintiff's filing of her derivative action Plaintiff is submitting this Application requesting this Court to file the entirety of her Complaint under seal, in compliance with the Confidentiality Agreement (Exhibit A) signed by both parties.

## III. ARGUMENT

Plaintiff's Complaint is comprised of information derived from EIX books, records and company documents that were obtained only after entering into the aforesaid Confidentiality Agreement. Defendants state that the information obtained and produced by them is Confidential Information as it is defined in the Confidentiality Agreement. The Confidentiality Agreement clearly states that:

> Notwithstanding the restrictions contained herein, the Requesting Party shall not be prevented from using any Confidential Information in an action to enforce her legal rights in a court of competent jurisdiction under applicable laws and regulations. Provided, however, that before filing any complaint(s) or otherwise using any Confidential Information in any such legal action, the Requesting Party shall in good faith attempt to obtain a court order authorizing disclosure or providing that any submissions containing Confidential Information shall be filed under seal.

*Id.* at ¶ 9.

Rule 5.2(d) of the *Federal Rules of Civil Procedure* and Central District of California Local Civil Rule 79-5.1, *Filing Under Seal or In Camera-Procedures*, permit cases to be filed under seal, and they set forth the procedural and

4

NOTICE OF MOTION AND PLAINTIFF'S APPLICATION TO FILE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL

substantive requirements for filing documents under seal. In order to seal records where prior approval of the judge is required, a party must:

    (1) Submit a Notice of Manual Filing, a written Application, and a [Proposed] Order along with the document submitted for filing;

    (2) Provide the reasons for the request to file under seal.

Fed. R. Civ. P. § 5.2(d); Local Rule 79-5.1.

The protection of private and confidential business matters have consistently been recognized as appropriate interests that justify sealing of documents. "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this Application and issue an order sealing Plaintiff's Verified Shareholder Derivative Complaint being filed herewith.

Dated: February 10, 2014

FARUQI & FARUQI, LLP

David E. Bower (119546)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: dbower@faruqilaw.com

*Attorneys for Plaintiff*

NOTICE OF MOTION AND PLAINTIFF'S APPLICATION TO FILE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL

# DECLARATION OF DAVID E. BOWER IN SUPPORT OF APPLICATION FOR FILING COMPLAINT UNDER SEAL

I, DAVID E. BOWER, declare,

1. I am an attorney licensed to practice law in the State of California and am a partner in the law firm of Faruqi & Faruqi, LLP, counsel for Plaintiff Natalie Gordon in this action. As such, I have personal knowledge of the matters stated herein and, if called upon, I could testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Confidentiality Agreement signed by partner Michael Hynes and signed by Kevin S. Allred of the law firm of Munger, Tolles & Olson, who I am informed and believe are the attorneys representing Defendant Edison International and the Individually Defendants, named herein.

3. I am also informed that the documents that were produced by defense Defendants' counsel were only produced to our law firm upon the signing and agreeing to the Confidentiality Agreement. This Application for filing under seal is being made in order to fully comply with the terms of the Confidentiality Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate.

Dated: February 10, 2014

_/s/ David E. Bower_
David E. Bower

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

**WHEREAS**, by letter dated September 30, 2013, Natalie Gordon ("Requesting Party"), made demand pursuant to Cal. Corp. Code § 1601 (the "Demand") to inspect certain books and records of Edison International, a California corporation (the "Company");

**WHEREAS**, the Company believes that it has valid objections to the Demand, including those set forth by letter to the Requesting Party dated October 11, 2013,

**WHEREAS**, the Company believes that the materials sought by the Requesting Party contain non-public, confidential, proprietary, commercially and/or personally sensitive information;

**WHEREAS**, subject to the Requesting Party and her counsel executing this Confidentiality Agreement (the "Agreement"), the Company, without waiving any rights or objections, is willing to make available to the Requesting Party certain materials in response to the Demand; and

**WHEREAS**, the Requesting Party has agreed to enter this Agreement without waiving any rights or objections to the adequacy or confidentiality of the Company's production of documents in response to the Demand, and without prejudice to the Requesting Party's ability to dispute the Company's objections to the Demand;

**IT IS AGREED** by and between the undersigned parties as follows:

1. This Agreement applies to any material the Company will make available to the Requesting Party in response to the Demand (the "Produced Documents").

2. The Company may designate, in its good faith judgment, all or any portion of any Produced Document, or any information contained in any Produced Document, as "Confidential Information" under the terms of this Agreement.

3. The designation of any Produced Documents, or any information contained in any Produced Document, as Confidential Information, shall be made by affixing the legend "Confidential" or "Confidential Information." The failure to affix such a legend does not constitute a waiver of the Company's right to designate such Produced Documents or portions thereof as Confidential Information by subsequent notice.

4. The Requesting Party, on behalf of herself and her attorneys, hereby covenants and agrees that the Produced Documents shall be used only for the purposes set forth in the Demand.

5. Unless otherwise agreed by the Company, required by court order or otherwise required by law, information designated as "Confidential Information" pursuant to this Agreement shall not be disclosed, published or transmitted to any other person, directly or indirectly, other than: (a) the Requesting Party; and (b) counsel for the Requesting Party (including, for the purposes of this Agreement, paralegals and other support staff employed by such counsel). Subject to the provisions of Paragraph 9 below, the Requesting Party and her counsel shall not disclose, publish or transmit any information designated as Confidential Information in connection with any pending or future litigation or other formal proceedings, without first obtaining the Company's consent or a court order authorizing such disclosure.

6. The restrictions of this Agreement shall not apply to any Confidential Information that: (a) on the date hereof is already properly in the possession of the Requesting Party or any of her attorneys; (b) after the date hereof properly comes into the Requesting Party's possession or the possession of any of her attorneys from a third party that has delivered such Confidential Information without breach of any obligation of confidentiality; or (c) on the date hereof is, or that subsequently becomes, publicly available through no breach of this Agreement.

7. In the event that the Requesting Party determines, in her good faith judgment, that information designated by the Company as Confidential Information is not reasonably entitled to such protection, then the Requesting Party shall give written notice of her objection, specifying with reasonable specificity the information for which such designation is disputed, but such information shall remain subject to such designation and restrictions until such objections are resolved as set forth herein. If the Requesting Party and the Company are unable to resolve any such disagreement, they agree to submit such dispute for resolution to the Superior Court of the State of California for the County of Los Angeles. Until such court enters an order ruling on the confidentiality of the document or other material, it shall be treated as "Confidential" pursuant to this Agreement.

8. If a party violates this Agreement (personally or through their representatives), the Company may seek appropriate relief from the Superior Court of the State of California for the County of Los Angeles including an injunction, sanctions and damages.

9. Notwithstanding the restrictions contained herein, the Requesting Party shall not be prevented from using any Confidential Information in an action to enforce her legal rights in a court of competent jurisdiction under applicable laws and regulations. Provided, however, that before filing any complaint(s) or otherwise using any Confidential Information in any such legal action, the Requesting Party shall in good faith attempt to obtain a court order authorizing disclosure or providing that any submissions containing Confidential Information shall be filed under seal. The Requesting Party will provide Kevin S. Allred of Munger, Tolles & Olson LLP a copy via Federal Express and email of any motion or request seeking permission to disclose or to file under seal on the same day the motion or request is provided to the court and shall comply with any additional notice procedures established by court rule. In the event that a

court order is obtained that authorizes disclosure or requires that any submissions containing Confidential Information shall be filed under seal, the Requesting Party shall not be precluded from filing any complaint(s) or otherwise using any Confidential Information in any action to enforce her legal rights provided that she complies with the terms of any such order.

10. Upon the later of (i) six months from the effective date of this Agreement (as defined in Paragraph 13), or (ii) if within such six-month period, the Requesting Party commences any litigation against the Company and/or its directors, officers and employees, the conclusion of such litigation, the Requesting Party shall either promptly destroy or return to the Company the original and all copies of Confidential Information or other documents to the extent they reflect Confidential Information. If the Requesting Party elects to destroy rather than return such materials, counsel for the Requesting Party shall provide written confirmation of such destruction to the Company's counsel.

11. If the Requesting Party or any of her attorneys are required (orally or in writing, by interrogatory, subpoena, or any similar process relating to any legal proceeding, investigation, hearing or otherwise) to disclose any Confidential Information: (a) the Requesting Party shall provide the Company with prompt written notice upon the Requesting Party's or her attorneys' receipt of such process, so that the Company may seek a protective order or other appropriate remedy and/or waive compliance with this Agreement; and (b) the Requesting Party or her attorneys, as the case may be, shall furnish only such Confidential Information as is called for by such process and shall exercise their commercially reasonable efforts to obtain assurance that confidential treatment will be accorded to any Confidential Information that is compelled to be disclosed.

12. All notices and other communications under this Agreement shall be in writing and shall be given (and shall be deemed to have been duly given upon receipt by delivery in person, or by facsimile and email, or by Federal Express or registered or certified mail, postage pre-paid return receipt requested), as follows:

If to the Requesting Party:

Michael J. Hynes, Esq.
Faruqi & Faruqi
101 Greenwood Avenue
Jenkintown, Pennsylvania 19046
Facsimile: 215-277-5771
mhynes@faruqilaw.com

If to the Company:

Kevin S. Allred, Esq.
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
Facsimile: 213-683-5146
kevin.allred@mto.com

13. This Agreement may be executed by the signatories hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same instrument. Facsimile and pdf copies hereof and facsimile and pdf signatures hereon shall have the force and effect of originals. The signatories represent that they are authorized to enter into this Agreement on behalf of the parties they represent. The effective date of this Agreement shall be the date it has been executed by the authorized representatives of each of the parties.

14. This Agreement may be modified or waived only by a separate writing executed by the Requesting Party and the Company that expressly so modifies or waives this Agreement. Failure or delay in exercising any right, power or privilege hereunder shall not

operate as a waiver thereof, and no single or partial exercise of any right, power or privilege hereunder shall operate as a waiver with respect to any other exercise of any such right, power or privilege, and no single or partial exercise of any right, power or privilege hereunder shall preclude any other or further exercise of any right, power or privilege.

15. The Requesting Party agrees and consents to personal jurisdiction and venue in any action brought to enforce this Agreement in the Superior Court of the State of California for the County of Los Angeles. This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to its conflict of laws principles.

16. This Agreement constitutes the only agreement between the Requesting Party and the Company with respect to the subject matter hereof and supersedes all prior agreements, understandings, negotiations and discussions, whether oral or written. Each attorney signing this Agreement below represents and warrants that he or she is duly authorized to execute this Agreement on behalf of the party whom such attorney represents and to thereby fully bind such party to this Agreement as though such party had herself or itself executed this Agreement directly.

FARUQI & FARUQI, LLP

*Michael J. Hynes*
Michael J. Hynes, Esq.
Counsel for Natalie Gordon

Date: October 30, 2013

MUNGER, TOLLES & OLSON LLP

*Kevin S. Allred*
Kevin S. Allred, Esq.
Counsel for Edison International

Date: October 30, 2013